UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONELL HATCHER,
    Peititioner,

v.

WARDEN LOMPOC,
    Respodent.

Case No. 15-cv-00375-HSG (PR)

**ORDER OF DISMISSAL**

Petitioner, a federal prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges his 2007 conviction, in federal court in the Northern District of Alabama, for which a 200-month sentence was imposed.[1]

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." Review of the manner of execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim). Section 2241 is also the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. §2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); *Stow v. Murashige*, 389 F.3d 880, 885-88 (9th Cir. 2004) (conviction reversed on appeal); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v.*

---

[1] Petitioner is currently incarcerated at the Glenn E. Dyer Detention Facility in Oakland, California, pursuant to writ proceedings relating to his 1993 federal conviction in the Northern District of California. See United States v. Bluitt, et al., No. 92-0001 WBS.

*Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).

Here, petitioner is not challenging the manner of *execution* of his federal sentence. Rather, he is specifically challenging the validity of his conviction and sentence *as imposed*. *See* Dkt. No. 5 at 2. Specifically, petitioner asserts actual innocence as well as sentencing error. *See id.* at 5-8. A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991). Such a challenge must be brought in the district of conviction via a motion under 28 U.S.C. § 2255. *See id.* The fact that petitioner has previously filed a Section 2255 motion that was denied does not alter this conclusion. A federal prisoner may not challenge his conviction under Section 2241 simply because, as here, a previous Section 2255 motion was denied. *See Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Tripati v. Henman*, 843 F.2d 1160, 1163 (9th Cir. 1987).

Accordingly, the petition is DISMISSED. The Clerk shall terminate all pending motions, enter judgment, and close the file.

In addition, a certificate of appealability is denied because petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: 3/20/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge